**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON MONTOYA, individually and on behalf of all other similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>SLM CORPORATION and SALLIE MAE, INC.,<br><br>             Defendants. | Case No. 14-cv-00287-SC<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

Now before the Court is Plaintiff Marlon Montoya's motion for leave to file an amended complaint to add Genesys Telecommunications Laboratories, Inc. ("Genesys") as a defendant. ECF No. 27. Defendants Navient Solutions, Inc. (f/k/a Sallie Mae, Inc.) and Navient, LLC (f/k/a SLM Corporation) have filed a statement of non-opposition to the motion. ECF No. 29. Genesys has appeared specially to oppose the motion. ECF No. 30 ("Opp'n"). Plaintiff has filed a reply. ECF No. 31. Thus the motion is fully briefed, and the Court finds it suitable for determination without oral argument per Civil Local Rule 7-1(b).

Federal Rule of Civil Procedure 15(a) permits a party to amend its complaint once as a matter of course before a responsive pleading is served. After a responsive pleading is served, however, a party may amend only by leave of the Court. Fed. R. Civ. P. 15(a). The Rule instructs that the "court should freely give leave when justice so requires." Id. The Ninth Circuit has "stressed Rule 15's policy of favoring amendments, and [has] applied this policy with liberality." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Ninth Circuit precedent encourages district courts to grant leave to amend to add a defendant absent evidence of bad faith, unjust delay, prejudice to the entering party, or futility. See id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants Sallie Mae, Inc. and SLM Corporation have answered the original complaint. ECF Nos. 11, 12. Therefore, Plaintiff must seek leave of the Court to file an amended complaint. This case is still in the early stages, and there is no evidence of bad faith on Plaintiff's part. Plaintiff explains that Genesys was not initially named as a defendant because Plaintiff did not know that Genesys -- a third party vendor through which Defendants allegedly transmitted unlawful text messages to Plaintiff -- had sent the messages at issue in this case. Not until Plaintiff received Defendants' supplemental initial disclosures on July 1, 2014, did Plaintiff confirm that the third-party vendor was Genesys. ECF No. 27-1 ("Mot. Memo") at 2.

Responses to Plaintiff's motion were due on July 30. Genesys did not file its opposition brief until five days later, on August 4. Because Genesys' opposition was late, the Court STRIKES its

2

1  opposition brief and considers the motion unopposed.  However, were
2  the Court to consider Genesys' arguments, Plaintiff's motion would
3  still be granted.  Genesys' only argument against allowing leave to
4  amend is that such amendment would be futile "because the complaint
5  is subject to a motion to dismiss."  Opp'n at 3.  Genesys'
6  opposition, therefore, is really a motion to dismiss, brought by a
7  non-party, disguised as an opposition brief.  Indeed, Genesys'
8  opposition is improper even if construed as a motion to dismiss.
9  Genesys' argument for futility depends on evidence that Genesys has
10 provided through declarations and exhibits.  Opp'n at 4-5.  But at
11 the pleadings stage, the Court assumes the truth of Plaintiff's
12 well-pleaded factual allegations.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
13 679 (2009).  Contrary evidence is therefore irrelevant and
14 inappropriate.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Ultimately, "it is the consideration of prejudice to the opposing party that carries the greatest weight" when considering whether leave to amend should be granted. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). Genesys' brief never mentions the word prejudice and makes no allegations that allowing Plaintiff to amend would prejudice Genesys. Finding no prejudice, and cognizant of the Ninth Circuit's liberal policy towards amendments, the Court GRANTS Plaintiff Marlon Montoya's motion for leave to file a first amended complaint.

IT IS SO ORDERED.

Dated: August 21, 2014

_____
UNITED STATES DISTRICT JUDGE