IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON MONTOYA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SLM CORPORATION; SALLIE MAE, INC.; and GENESYS TELECOMMUNICATIONS LABORATORIES, INC.,<br><br>　　　　Defendants. | Case No. 3:14-CV-00287-SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR GOOD FAITH <u>SETTLEMENT</u> |

　　　Now before the Court is Plaintiff Marlon Montoya's motion for determination of good faith settlement by and between Plaintiff and Defendant Genesys Telecommunications ("Genesys") (the "Genesys Settlement"). ECF No. 69 ("Mot."). The motion is unopposed (ECF No. 66) and is appropriate for resolution without oral argument pursuant to Local Rule 7-1(b). Plaintiff has already settled with the other defendants in this case (ECF No. 64), and those defendants have not objected to the Genesys Settlement. For the reasons provided below, Plaintiff's motion is GRANTED.

　　　This action arises from Plaintiff's claim that he received

calls and text messages on his cellular telephone from an automatic telephone dialing system without his prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff alleges that Defendants SLM Corporation ("SLM") and Sallie Mae, through their agent Genesys, sent text messages seeking to collect an alleged student loan debt. Plaintiff settled and the Court dismissed all claims against SLM and Sallie Mae on May 28, 2015. A month later, Plaintiff moved for an order to confirm a settlement agreement with Genesys as a good faith settlement.

When a plaintiff settles with one or more alleged tortfeasors, California Code of Civil Procedure section 877.6 authorizes the Court to determine that the settlement was made in good faith, and that all claims against the settling party for contribution or indemnity are barred:

> [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order . . . . Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement.
>
> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

The California Supreme Court has held that the purpose of California Code of Civil Procedure section 877.6 is to promote the

///

2

1  equitable sharing of costs among parties at fault and to encourage
2  settlements.  See Tech-Bilt v. Woodward-Clyde & Associates, 38 C.3d
3  488, 495 (1985) (approving River Garden Farms v. Superior Court, 26
4  C.A.3d 986 (1972)).
5       The determination of whether a settlement is in good faith is
6  left to the sound discretion of the trial court.  Id. at 501.  The
7  court may inquire, among other things, "whether the amount of the
8  settlement is within the reasonable range of the settling
9  tortfeasor's proportional share of comparative liability for the
10 plaintiff's injuries."  Id. at 499.  The policies underlying the
11 good faith requirement

> require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

18 Id.
19      Here, Plaintiff has agreed to dismiss all individual claims
20 against Genesys with prejudice and all class action claims without
21 prejudice.  Mot. at 4.  Plaintiff further waives and releases any
22 right or claims he may have to serve as a class representative or
23 named plaintiff in any class-action suit brought against Genesys
24 relating to any claims set forth or which could have been set forth
25 in this litigation.  Id.  In consideration, Genesys agrees to pay
26 Plaintiff $2,000 and Plaintiff's counsel $13,000.  Id.
27      Plaintiff has already settled with the other defendants in
28 ///

3

this case, and the other defendants have neither objected to the Genesys Settlement nor opposed this motion. The Genesys Settlement therefore will not result in an inequitable sharing of costs among defendants, nor is it "the product of collusion, fraud, or tortious conduct aimed to injure the interests" of the other defendants. Tech-Bilt, 38 C.3d at 499.

The Genesys Settlement, however, does not reflect the principle "that a settlor should pay less in settlement than he would if he were found liable after a trial." Tech-Bilt, 38 C.3d at 499. The TCPA provides statutory damages in the amount of $500 per violation. 47 U.S.C. § 227(b)(3)(B). Plaintiff alleges that he received three unauthorized text messages, making the agreed upon settlement -- a total of $15,000 ($13,000 of which will go to Plaintiff's attorney) -- far larger than Plaintiff's potential recovery at trial.

Nevertheless, the Court finds the Genesys Settlement to have been made in good faith insofar as it is consistent with the dual purposes of California Code of Civil Procedure section 877.6 to promote the equitable sharing of costs among parties and to encourage settlements. See Id. at 495.

Accordingly, the Court GRANTS Plaintiff's motion.

IT IS SO ORDERED.

Dated: August 6, 2015

UNITED STATES DISTRICT JUDGE

4